■ In the Matter of SIXTY WALL TOWER, INC., et al., Petitioners, v. PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents.— Proceedings brought under article 78 of the Civil Practice Act, and subsequently consolidated, to review and annul a determination and certain orders of the Public Service Commission constituting an interim decision which, among other things, authorized the respondent utility to effect temporary increases in rates for electric service to large-use consumers in certain service classifications pending final determination, in a general investigation of respondent utility's rates instituted by the commission upon its own motion. Temporary rate changes are authorized if the commission is satisfied "that the public interest requires a change * * * or that such change is necessary for the purpose of providing adequate and efficient service, or for the preservation of the property". (Public Service Law, § 72.) It would, of course, be helpful to our initial approach and understanding upon review if at the outset the commission should indicate which one or more of these grounds underlie its determination; but we cannot say, as one group of petitioners contends, that the absence of a statement in the somewhat conclusory language of the statute and, indeed, of a somewhat more precise expression of the commission's rationale, is fatal, since in this particular case the basis of the determination otherwise appears with sufficient clarity. We do observe, however, that such deficiencies, when in fact material, may not be supplied by resort to argument and inference as is attempted here. Passing from the general, statutory authority to the specific basis upon which the particular relief was granted, it is clear that the interim increase was sought and found warranted upon the ground that, in the language of the commission's decision, such was "necessary for the protection of present security holders and to attract the additional capital required in the immediate

future for the construction of facilities to meet the ever-increasing demand for electric service." That such necessity and objective, met or attained by rates which shall be "just and reasonable" (Public Service Law, § 65, subd. 1; § 72), are within the frame of the statute is self-evident. One group of petitioners does not question the immediate need of the revenue increase while the other group accepts, for purposes of these proceedings, the findings as to rate base and operating income but questions the rate of return reflected by the increase. The determination is, in this respect, supported by substantial evidence, and is met by no valid legal objection and cannot be disturbed by us. The primary issue, and that raised by all of the petitioners, is the propriety of charging the increase here contested to large consumers with demands in excess of 100 kilowatts and consumptions in excess of 30,000 or 40,000 kilowatt hours per month, these customers being relatively few in number but requiring a substantial portion of the company's entire electrical output. The existing rates in the service classifications in question are essentially as fixed in 1952 (when a balanced rate structure was last established), despite rising costs and although there have been two major increases since that time in rates in residential and other classifications. The proof, including the disputed cost studies, affords substantial evidence supportive of this temporary determination. Determination unanimously confirmed, with $50 costs.